UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY MEANS,

        Plaintiff,

v.                                                                                                           Case No. 09-C-744

MILWAUKEE SECURE DETENTION FACILITY, et al.,

        Defendants.

## MEMORANDUM AND ORDER

        Plaintiff Means, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Milwaukee Secure Detention Facility.

        Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed in forma pauperis in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. I am satisfied that he lacks the funds to pay an initial partial filing fee, and the initial filing fee is therefore **WAIVED**. 28 U.S.C. § 1915(b)(4).

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

Plaintiff asserts that the law library at MSDF is inadequate. He claims that the materials are inadequate, that use of the library is uncomfortable due to the requirement that inmates wear restraints, and that he sometimes has to leave the library when other inmates meet with their attorneys. He states that these restrictions inhibit inmates' access to the courts.

This does not state a claim under the Constitution or federal law. I first note that this Plaintiff has now filed four federal lawsuits in roughly a month, demonstrating clearly that there is no problem accessing the courts. More importantly, a claim alleging an inadequate law library must demonstrate some kind of actual prejudice to the complainant's legal rights. The Supreme Court "did not create an abstract, freestanding right to a law library." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, an inmate alleging a constitutional violation must show an "actual injury" by "demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* It is clear from the face of the complaint that Plaintiff is

merely alleging a general displeasure with the quality of the jail's law library, and that is not enough. Accordingly, the complaint will be dismissed for failure to state a claim.

**IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted and the initial partial filing fee is waived.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The clerk shall enter a **STRIKE**.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   24th   day of August, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
